United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America *ex rel.* Troy Olhausen, Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 19-20190-Civ-Scola |
| Arriva Medical, LLC, and others, Defendants. | )<br>)<br>)<br>) |

### **Order on Mandate**

Previously in this case, the Court granted the Defendants' motion to dismiss all six claims in the Plaintiff's third amended complaint. (ECF No. 74.) Specifically, the Court concluded that counts I (invalid prescriptions), III (medically unnecessary devices), and V (unsolicited contacts) fail pursuant to the first-to-file and government action rules of the False Claims Act ("FCA") and dismissed those counts with prejudice. (*Id.* at 5-11.) The Court also held that the Plaintiff failed to allege counts II (assignment of benefits) and IV (undisclosed locations) with particularity pursuant to Federal Rule of Civil Procedure 9(b). (*Id.* at 11-14.) Specifically, the Court found that the Plaintiff failed to adequately allege that fraudulent claims were in fact submitted to the Government. (*Id.* at 12.) Finally, because the Court concluded that the Plaintiff failed to sufficiently allege the underlying FCA violations, the Court dismissed count VI, the conspiracy claim. (*Id.* at 14.)

In 2022, the United States Court of Appeals for the Eleventh Circuit affirmed the Court's decision without addressing the grounds for dismissing the case. *Olhausen v. Arriva Med.*, LLC, No. 21-10366, 2022 WL 1203023, at *1 (11th Cir. Apr. 22, 2022). Instead, the Court affirmed based on the Plaintiff's failure to adequately allege scienter. *Id.* However, the United States Supreme Court subsequently decided *United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023), holding that the FCA's scienter element refers to the defendant's knowledge and subjective beliefs—not to what an objectively reasonable person may have known or believed. The Supreme Court granted certiorari in this case, vacated the judgment, and remanded the case back to the Eleventh Circuit for further consideration in light of *Schutte. Olhausen v. Arriva Med., LLC,* 143 S. Ct. 2686 (2023).

The Eleventh Circuit, without reaching the issue of scienter, considered the grounds this Court originally ruled on and determined that (1) the Plaintiff had sufficiently pleaded with particularity that an allegedly false claim had

actually been submitted for count II, (2) the Plaintiff had failed to plead with particularly that a false claim had actually been submitted for count IV, and (3) because the Plaintiff had sufficiently stated a claim for count II, count VI (conspiracy) should not have been dismissed for failure to adequately allege the underlying violation. *Olhausen v. Arriva Med.*, LLC, 124 F.4th 851 (11th Cir. 2024). The Court affirmed the dismissal of count IV but vacated the dismissal of counts II and VI and remanded the case back to this Court. *Id.* at 869. The Court thus **vacates** that portion of its order dismissing counts II and VI of the Plaintiffs' complaint. (**ECF No. 74**.)

The Eleventh Circuit directed this Court, on remand, to "consider in the first instance whether Olhausen's complaint sufficiently alleges the other challenged elements of Count II: falsity, scienter, and materiality" and indicated that the Court "may wish to direct the parties to brief the scienter question, in light of *Schutte*." *Id.* at 854 n.2.

The Court orders the parties to meet and confer by **February 18, 2025**, regarding the status and proposed advancement of this case. In particular, the parties must notify the Court whether the remaining issues in the Defendants' motion to dismiss (ECF No. 61) are ripe for determination, require further briefing, or will no longer be pursued. If the parties believe further briefing is appropriate, they must provide the Court with a proposed briefing schedule. The parties must also confer regarding a proposed schedule to move this case along as expeditiously as possible. If further discovery is required, the parties are to advise how discovery might be streamlined.

The parties must provide the Court with a report regarding their discovery-and-scheduling conference, including their proposed briefing, pre-trial, and trial schedules, on or before **March 4, 2025**.

**Done and ordered** in Miami, Florida on February 11, 2025.

Robert N. Scola, Jr.
United States District Judge