United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America *ex rel.* Troy Olhausen, Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-20190-Civ-Scola |
| Arriva Medical, LLC, and others, Defendants. | ) ) ) | |

### Order Denying Plaintiff's Motion for Leave to File Fourth Amended Complaint

This cause comes before the Court on the Plaintiff's motion for leave to file a fourth amended complaint. (ECF No. 93.) The Court's scheduling order set July 22, 2020, as the deadline to amend the pleadings. (ECF No. 62.)

When a party seeks leave to amend after the deadline to do so has passed, the movant must do more than argue leave is due under Rule 15(a). The movant must first show "good cause" under Rule 16(b) to obtain the right to amend. *See Sosa v. Air Print Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The standard set forth in Rule 16(b) "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *See Sosa*, 133 F.3d at 1418. Thus, "diligence is the key to satisfying the good cause requirement." *De Varona v. Discount Auto Parts, LLC*, 285 F.R.D. 671, 672–73 (S.D. Fla. 2012) (Ungaro, J.). Only if "good cause" for an untimely amendment is shown under Rule 16(b), does Rule 15(a)'s instruction, that leave should be freely given when justice so requires, come into play. *See* Fed. R. Civ. P. 15(a)(2).

The Plaintiff had previously moved for leave to amend (ECF No. 75), which the Court denied. (ECF No. 82.) Then, the Court put the Plaintiff on notice that untimely amendment requires a showing of good cause. (*Id.* at 2-3.) The Court also noted that the Plaintiff had chosen to stand on his pleadings despite being put on notice of his pleading's shortcomings. (*Id.* at 3.)

And still now, more than four years later, the Plaintiff has failed to argue that good cause exists under Rule 16(B) to support untimely amendment. (*See* ECF No. 93.) The Plaintiff also failed to show that the Court's schedule could not be met despite his diligence. (*Id.*) And the fact remains the same: the Plaintiff chose to stand on his pleadings rather than seeking timely leave to amend. As the Court noted four years ago, the Plaintiff will not be afforded yet

another bite of the apple where he declined "to follow the well-trodden procedural path toward amendment." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. App'x 925, 930 (11th Cir. 2016) (also noting the propriety of dismissal with prejudice "where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so"). Plaintiff's motion is **denied**. (**ECF No. 93.**)

**Done and ordered** in Miami, Florida on February 11, 2025.

Robert N. Scola, Jr.
United States District Judge