United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America *ex rel.* Troy Olhausen, Plaintiff,<br><br>v.<br><br>Arriva Medical, LLC, and others, Defendants. | )<br>)<br>)<br>) Civil Action No. 19-20190-Civ-Scola<br>)<br>)<br>) |

### **Order Denying Plaintiff's Motion for Reconsideration and Motion for Leave to Amend**

This case is before the Court on the Plaintiff's motion to reconsider pursuant to Federal Rule of Civil Procedure 59, or alternatively for leave to amend pursuant to Federal Rule of Civil Procedure 16. (ECF No. 100.) The Plaintiff asks the Court to reconsider its order denying Plaintiff's motion for leave to file a fourth amended complaint (ECF No. 99) and moves again for leave to amend. Having reviewed the motion, the record, and the relevant legal authorities, the Court **denies** the Plaintiff's motion. (**ECF No. 100**.)

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). The Plaintiff does not present new facts or law; instead, he merely encourages the Court to rethink its previous decision. The change in law identified by the Plaintiff—the Eleventh Circuit's decision in this

case—is not an intervening change in law between the Court's denial of leave to amend and this order, but is an intervening change in law between the Court's order granting Defendants' motion to dismiss and the order denying leave to amend. As the Court underscored in the prior order, the Plaintiff's deadline to amend the pleadings was July 22, 2020: more than four years ago. (ECF No. 62.)

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16's "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (cleaned up). A district court's denial of a motion for leave to amend a complaint is reviewed for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta, Ga.*, 654 F.3d 1231, 1239 (11th Cir. 2011) (cleaned up).

The Plaintiff identifies no reason to justify his failure to meet the Court's deadline to amend. The Plaintiff's argument that the Eleventh Circuit's decision excuses their untimeliness defies logic. Where the Eleventh Circuit affirmed the Court—in finding that the Plaintiff failed to plead with particularity that claims involving the locations or DMEPOS contracts at issue in Count IV were actually submitted—the Plaintiff had notice that the allegations were insufficient and made the strategic decision to stand on his pleadings. The Eleventh Circuit has rejected "the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018); *see also Douglas v. Cruise Yacht Op Co.*, No. 21-CV-23980, 2022 WL 2753101, at *2 (S.D. Fla. July 14, 2022) (Bloom, J.) ("[T]he standard is not met simply because they were awaiting the Court's ruling on the motions to dismiss.") Where the Eleventh Circuit reversed the Court, the Court has vacated its decision dismissing those counts, thus obviating the need for an untimely amendment. Plaintiff's motion for reconsideration, or alternatively for leave to amend, is **denied**. (ECF No. 100.)

**Done and ordered** at Miami, Florida, on February 26, 2025.

_____
Robert N. Scola, Jr.
United States District Judge