United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America *ex rel.* Troy Olhausen, Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 19-20190-Civ-Scola<br>) |
| Arriva Medical, LLC, and others, Defendants. | )<br>)<br>) |

### Order Denying Motion to Stay Discovery

  This matter is before the Court upon the Defendants' motion to stay discovery pending resolution of its motion to dismiss the Plaintiff Troy Olhausen's third amended complaint. (Mot., ECF No. 110.) Olhausen has responded opposing the stay (ECF No. 111), and the Defendants have replied (ECF No. 112). For the reasons explained below, the Defendants' motion to stay discovery is **denied**. (**Mot., ECF No. 110**.)

  Olhausen brings this *qui tam* action against the Defendants for their alleged fraudulent conduct in connection with Medicare billing. (*See generally* Third Am. Compl., ECF No. 58.) After a long procedural history, two counts remain: (1) failure to obtain assignments of benefits in violation of 31 U.S.C. §§ 3729(a)(1)(A) & (b) (Count I), and (2) false claims submitted by undisclosed, unaccredited locations in violation of 31 U.S.C. §§ 3729(a)(1)(A) & (b) (Count IV). (*See generally* Order on Mandate, ECF No. 97.)

  The Defendants have filed a motion to dismiss Olhausen's amended complaint, arguing, primarily: (1) assignments were not necessary; (2) Olhausen does not adequately plead materiality; and (3) Olhausen does not adequately plead scienter. (Mot. to Dismiss, ECF No. 109.) That motion is not yet fully briefed.

  District courts are given "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). As a general rule, motions to dismiss should be resolved as soon as practicable to obviate avoidable discovery costs, especially where a dubious claim appears destined for dismissal. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided."). This District's Local Rules make clear, however, that a stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule. *See*

S.D. Fla. Local Rules, App. A, Discovery Practices Handbook I.D(5) (unilateral motions to stay discovery are generally denied). Indeed, "[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case." *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (Morris, J.).

To evaluate whether there is a strong likelihood that "the [dismissal] motion will be granted and entirely eliminate the need for such discovery," the district court must take a "preliminary peek" at the merits of the motion. *Feldman v. Flood*, 176 F.R.D. 651, 652-53 (M.D. Fla. 1997) (Corrigan, J.) (citations omitted). The court must also weigh "the harm produced by a delay in discovery" against "the likely costs and burdens of proceeding with discovery." *See id.* at 652 (citations omitted). Both concerns are important—while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case. *See Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53; *see also Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 638 (M.D.N.C. 1988) (Eliason, J.). Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness. *McCabe*, 233 F.R.D. at 685.

Though the Court agrees that there is little prejudice in staying this action for a bit longer, the Court cannot say that there is such a strong likelihood that the motion to dismiss will be granted so as to stay discovery. The motion to dismiss involves a close reading of the Plaintiff's complaint, case law, and statutes. Moreover, to decide the motion to dismiss also involves interpreting the Supreme Court's decision in *Schutte v. SuperValu Inc.*, 598 U.S. 739 (2023), which—as the Defendants themselves maintain—"took a different approach to scienter." (Defs.' Mot. to Dismiss, at 9.) Thus, this case is unlike its related case, *United States ex. rel. Olhausen v. Arriva Medical, LLC*, Civil Action No. 21-23916-Civ-Scola (S.D. Fla. filed Nov. 7, 2021), which was stayed because "[t]he Defendants' motion to dismiss presents almost exclusively legal questions that are "likely to be dispositive." *United States ex. rel. Olhausen v. Arriva Medical, LLC*, Civil Action No. 21-23916-Civ-Scola, 2025 WL 985722, at *2 (citing *Olfumei v. Exclusive Assoc. Mgmt.*, 2024 WL 710547 (11th Cir. Feb. 21, 2024)).

Accordingly, the Court **denies** the Defendants' motion to stay discovery. (**Mot., ECF No. 110**.)

**Done and ordered** in Miami, Florida, on April 23, 2025.

_____
Robert N. Scola, Jr.
United States District Judge